# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GRACE ALBANESE,<br><br>        Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT,<br><br>        Defendant. | Case No. 2:16-cv-00532-RFB-GWF<br><br>**ORDER**<br><br>Application to Proceed *in Forma Pauperis* (ECF No. 1) and Screening of Complaint (ECF No. 1-1) |

This matter comes before the Court on Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 1), filed on March 9, 2016.

## DISCUSSION

### I. Application to Proceed In Forma Pauperis

Plaintiff filed this instant action and attached a financial affidavit to her application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

### II. Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Under Rule 8(a)(2), a pleading must contain a "short and plaint statement of the claim

showing that the pleader is entitled to relief." "[T[he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). Mere "labels or conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice. *Id.* Neither will naked assertions that are devoid of further factual enhancement. *Id.*

Plaintiff's one-page complaint provides the Court with no factual basis for her claims whatsoever. It appears to allege a claim against the Las Vegas Metropolitan Police Department for "Lack of Due Process of Warantless Surveillence [sic]" and states that the Court's jurisdiction is "Clark County, Civil Rights." *Complaint* (ECF No. 1-1). This is simply inadequate and the Court cannot conduct a screening of Plaintiff's complaint. The Court recognizes that Plaintiff has submitted several letters to the Court that shed some light on her claims. *See Letters* (ECF No. 2–12). However, a complaint must be complete in and of itself and the Court cannot refer to other pleadings or documents to make Plaintiff's complaint whole. *See In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1060 (C.D. Cal. 2012) (holding that on a motion to dismiss the court is confined to the complaint and does not consider material outside the pleading); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.1990) ("Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss.")(citation omitted). Therefore, the Court will dismiss Plaintiff's complaint with leave to amend. Plaintiff is advised that she must provide the court with a proper factual basis for her claims in her amended complaint. In addition, Plaintiff's complaint appears to be alleging civil rights violations that would be more adequately addressed pursuant to 42 U.S.C. § 1983. Thus, if Plaintiff elects to proceed, she is advised to bring this action pursuant to that statute.[1]

If Plaintiff elects to proceed in this action by filing an amended complaint, she is informed

---

[1] Plaintiff may obtain a form for this type of complaint on the Unites States Courts website: http://www.uscourts.gov/. The form is entitled Pro Se 15: Complaint for Violation of Civil Rights (Non-Prisoner).

1  that the court cannot refer to a prior pleading in order to make her amended complaint complete.
2  Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any
3  prior pleading.  This is because, as a general rule, an amended complaint supersedes the original
4  complaint.  *See Valdez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011)*; see Loux v. Rhay*, 375
5  F.2d 55, 57 (9th Cir.1967).  Once Plaintiff files an amended complaint, the original pleading no
6  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
7  complaint, each claim and the involvement of each defendant must be sufficiently alleged.
8  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* is **granted**.  Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file Plaintiff's Complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that Plaintiff's Complaint be **dismissed** without prejudice with leave to amend.  Plaintiff shall have until **November 4, 2016** to file an amended complaint correcting the noted deficiencies.

DATED this 3rd day of October, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge