UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GRACE ALBANESE,

    Plaintiff,

vs.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT and DOUG GILLESPIE,

    Defendant.

Case No. 2:16-cv-00532-RFB-GWF

**ORDER AND REPORT AND RECOMMENDATION**

This matter comes before the Court on the screening of Plaintiff's Amended Complaint (ECF No. 17), filed on October 17, 2016. The Court granted Plaintiff *in forma pauperis* status on October 3, 2016. *See* (ECF No. 13).

## **BACKGROUND AND DISCUSSION**

### **I. Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible,

whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court shall liberally construe a complaint by a pro se litigant. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 2007). This is especially important for civil rights complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint. *Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. See *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id*. at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

**II.      Instant Complaint**

The Court originally dismissed Plaintiff's one-page complaint because it provided the Court with no factual basis for her claims. *See Order* (ECF No. 13). Plaintiff filed an amended

complaint pursuant to 42 U.S.C. § 1983 against the Las Vegas Metropolitan Police Department ("LVMPD") and Doug Gillespie, in his official capacity, alleging that her Fourth, Fifth, Ninth and Fourteenth Amendment rights were violated. Plaintiff asserts that Defendant Gillespie caved into pressure by Homeland Security who was working with members of LVMPD to remove Plaintiff from Las Vegas. Officers from LVMPD allegedly stalked Plaintiff and wire-tapped her telephone. Plaintiff requests damages from Defendants for their "utter lack of regard [of] my rights and the rights of my daughter who suffered as well." *Amended Complaint* (ECF No. 17), pg. 5.

### A. Municipal Entity Liability Under § 1983 - *Monell* Claim

Section 1983 suits against local governments alleging constitutional rights violations by government officials cannot rely solely on respondeat superior liability. *See Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). A plaintiff can bring a § 1983 action against a local government entity if the plaintiff can show that the entity had an established policy or custom that caused employees who implemented the policy or custom to violate the constitutional rights of others. *Monell*, 436 U.S. at 690–92; *see also, Van Ort v. Estate of Stanewich*, 92 F. 3d 831 (9th Cir. 1996). However, absent such a policy or custom, a local government entity cannot be held liable solely because one of its employees commits an unlawful wrong against another. *Id.* at 691. Here, from what the Court can ascertain, Plaintiff asserts that LVMPD violated her rights because they stalked her on numerous occasions. The rest of Plaintiff's amended complaint does not make sense and fails to state specific dates on which the alleged constitutional violations took place. Moreover, Plaintiff does not demonstrate that LVMPD's conduct was driven by a policy or custom implemented by LVMPD and that the policy or custom was the driving force behind the alleged violations of Plaintiff's constitutional rights. Therefore, the Court will dismiss the § 1983 claim against LVMPD without prejudice, and will give Plaintiff leave to amend her amended complaint to state sufficient facts to state a claim, if he is able to do so.

### B. Municipal Employee Liability Under § 1983

State officials sued in their official capacity for damages are not persons for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n. 24 (1997). Official-suits

filed against state officials are merely an alternative way of pleading an action against the entity of which the defendant is an officer. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). Therefore, in an official-capacity suit, the plaintiff must demonstrate that a policy or custom of the governmental entity of which the official is an agent was the moving force behind the violation. *Id.*; *See also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–92 (1978). Defendant Doug Gillespie was a state official at the times discussed in Plaintiff's complaint and he is therefore not a person for § 1983 purposes. As a result, the Court will recommend that Plaintiff's claims against Defendant Gillespie be dismissed with prejudice.

If Plaintiff elects to proceed in this action by filing an amended complaint, she is informed that the court cannot refer to a prior pleading in order to make her amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Valdez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011)*; see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff is advised that litigation will not commence upon the filing of an amended complaint. Rather, the Court will conduct an additional screening of the amended complaint pursuant to 28 U.S.C. § 1915(e). If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Complaint (ECF No. 17) be **dismissed** without prejudice with leave to amend. Plaintiff shall have until **November 2, 2017** to file an amended complaint correcting the noted deficiencies.

### RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's claims against Defendant Doug Gillespie be dismissed with prejudice for failure to state a claim upon which relief may be granted.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be

in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 2nd day of October, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge